# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SHAVONTAE DANIELS,**
　　　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 18-C-452**

**SERGEANT JOSEPH BEAHM and**
**OFFICER POHL,**
　　　　　　**Defendants.**

---

## <u>ORDER</u>

　　Plaintiff Shavontae Daniels is a state prisoner representing himself. He filed a lawsuit under 42 U.S.C. § 1983, alleging that staff at Waupun Correctional Institution stole his medication (specifically, his Wellbutrin). U.S. Magistrate Judge William Duffin screened his complaint, which named only Jane/John Does as defendants. Judge Duffin added Warden Brian Foster to allow plaintiff to engage in limited discovery to identify the Doe defendants. Plaintiff has now done so and has filed a motion to file an amended complaint. I grant his motion to amend his complaint. This order screens the amended complaint and dismisses Foster from the lawsuit.

### *Screening of Plaintiff's Complaint*

　　Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Nearly all of plaintiff's amended complaint is identical to his original complaint. Plaintiff is currently incarcerated at Waupun Correctional Institution. His complaint alleges that on December 29, 2017, he was given his first dose of Wellbutrin[1] by Officer Pohl. At the noon medication pass, plaintiff asked Officer Pohl if he needed to take another dose at that time or later in the day. His dosage had recently changed, so he was unsure about when he was supposed to take more. Officer Pohl opened the medication cart and began searching for plaintiff's medication but could not find it.

---

[1] Wellbutrin is an antidepressant used to treat major depressive disorder. *See* https://www.drugs.com/wellbutrin.html (last visited Apr. 27, 2018).

Officer Pohl notified HSU, who reported to the segregation building and searched every medicine cart in the building. The medication was still missing. The HSU nurse made and call and was informed no one from HSU had removed it.

During the p.m. medication pass, Officer Schultz stopped at plaintiff's door to find that the Wellbutrin was still missing. Schultz searched several times before calling nurse Anne York, who signed for the medication on December 28, 2017 so that it could be placed on the medication cart. Schultz and York continued to search each medication cart, and Schultz eventually came back and told plaintiff that it seemed that his medication had been stolen. Staff would not tell plaintiff who stole his medication, though his complaint suggests there was an investigation. During limited discovery for purposes of identifying the Does, plaintiff alleges he found that Officer Pohl and Sergeant Joseph Beahm were the only two officers who had keys to the lower A-Range medication cart. Pohl was the A-Range officer and was responsible for medication on the cart. Beahm had the master key. He alleges that because they were the only two with access to the cart, one or both of them took his medication.

After the medication went missing, it took eight days for HSU to reorder his medication. During that interruption in his course of treatment, he suffered from thoughts of taking his life, refused to eat, engaged in self-harm, and was generally "unable to function." Plaintiff says that if not for the person in the cell next to his, he believes he would have taken his own life.

*Analysis*

A plaintiff states a claim for deliberate indifference under the Eighth Amendment if he alleges that (1) the harm to the plaintiff was objectively serious; and (2) the official

was deliberately indifferent to his health or safety. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). When a deliberate indifference claim is based on a medication delay, it is not the delay itself that forms the basis of the harm necessary for the claim. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Instead, the harm must come from the consequences of not receiving the medication. *Id.* Plaintiff has alleged he suffered harm from not receiving his medication. He also alleges that only Pohl and Beahm had access to the cart, and that is enough to make a reasonable inference that they are responsible for the alleged constitutional violations for purposes of screening the complaint. He may proceed on a deliberate indifference claim against them. I will dismiss Foster from the lawsuit now that plaintiff has identified these Doe defendants.

In his order screening the original complaint, Judge Duffin allowed plaintiff to proceed on a deliberate indifference claim against the Doe or Does who delayed in ordering his replacement medication even though plaintiff did not say explicitly that he wanted to pursue this claim. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (explaining that courts must "analyze a litigant's claims and not just the legal theories he propounds" at screening). However, plaintiff did not identify these Does using limited discovery. Now, he will have to wait until discovery on the merits begins to identify the Does. Once the defendants answer, I will issue a scheduling order. At that time, he may engage in discovery to learn the Doe or Does' names.

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion to amend his complaint (Docket No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Warden Brian Foster is **DISMISSED**.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[2] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 10th day of October, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge